UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


AURELIUS LOWE et al                                    CIVIL ACTION

VERSUS                                                 NO: 07-7453

STATE FARM FIRE AND CAS. CO.                           SECTION: "S" (3)


## ORDER AND REASONS

The motion to remand (Doc. #11) filed on behalf of the plaintiffs Aurelius and Diana Lowe is **GRANTED.**

## BACKGROUND

This is a Katrina insurance dispute which was removed to this court from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[1]  The underlying petition is silent with regard to the damages sought, and seeks further insurance proceeds, penalties and attorney's fees under a policy issued by defendant State Farm Fire and Casualty Company ("State Farm").

Defendant asserts that this court has diversity jurisdiction under 28 U.S.C. §1332.  Defendant asserts that plaintiffs are citizens of Louisiana and that State Farm is domiciled in Illinois with its principal place of business in Illinois, and that the amount in controversy exceeds $75,000.

---

[1] *Aurelius Lowe v. State Farm Fire and Cas. Ins. Co.,* No. 2007-14414, 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

Plaintiffs claim that defendant has failed in its burden of proving the requisite amount in controversy to satisfy diversity jurisdiction.  Defendant urges that relying on plaintiffs' petition, it is "facially apparent" that the amount in controversy exceeds $75,000 because the limits on plaintiffs' policy are in excess of $60,630, which together with plaintiffs' claim for penalties and other damages make the amount in controversy in excess of $75,000.  Defendant also urges that plaintiffs were offered, but did not sign, a binding stipulation prepared by defendant that the amount in controversy is below $75,000.

## ANALYSIS

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[2]

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.[3]  Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[4]

 In Louisiana state courts, plaintiffs are not ordinarily allowed to plead a specific amount of money damages.  The Fifth Circuit has held that when a case in which the plaintiff has alleged an

---

[2]*Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[3]*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4]*Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

2

indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[5]   A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by setting forth the facts in dispute support a finding that the jurisdictional amount is satisfied.[6]

If the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal.[7]   If the defendant meets its burden, the plaintiff can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000.[8]

In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy.[9]   The defendant must do more than point to a state law that *might* allow plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[10]

In the underlying Petition, plaintiffs do not allege a specific amount of damages, nor do the

---

[5]*Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

[6]*Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[7]*Allen*, 63 F.3d at 1336.

[8]*De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.), *cert. denied, Torreblanca de Aguilar v. Boeing Co.*, 516 U.S. 865 (1995).

[9]*Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[10]*See De Aguilar*, 47 F.3d at 1412 (emphasis in original).

plaintiffs allege a "total loss" of their home.  Nonetheless, State Farm argues that it is "facially apparent" that the amount in controversy exists and simply relies on its policy limits and plaintiff's claim for penalties and attorney's fees as evidence of the amount in controversy.  State Farm also relies on the fact that the plaintiff refused to sign a stipulation that the amount in controversy was below $75,000.  State Farm provides nothing to substantiate the value of plaintiffs' claim.[11]

State Farm's conclusional references to allegations which are silent about the amount in controversy does not meet the "facially apparent" requirement that the amount in controversy exceeds $75,000.[12]  Further, State Farm's references to state law regarding penalties and attorney's fees is equally insufficient.[13]  Finally, relying on plaintiffs' refusal to sign a stipulation regarding the amount in controversy is inappropriate as it shifts the burden to the plaintiffs to prove removal jurisdiction, which is clearly defendant's burden.[14]  Removal cannot be based simply upon conclusional allegations.[15]

---

[11]State Farm does not provide a copy of its policy; copies of payments, if any, that were made to the plaintiffs; or any damage estimates, if any.

[12]*De Aguilar*, 47 F.3d at 1412.

[13]*Simon,* 193 F.3d at 850.

[14]*Jernigan,* 989 F.2d at 815.  The court may consider post-removal affidavits or stipulations in limited circumstances to determine the amount in controversy as of the date of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  However, the absence of a stipulation by plaintiff is not a factor to consider when determining whether defendant has borne its burden of proving that the jurisdictional amount exists.

[15]*Simon*, 193 F.3d at 850 (*citing Allen,* 63 F.3d 1326 at 1335.).

State Farm has not met its burden of proof through a preponderance that the amount n controversy exceeds $75,000. Therefore, this court lacks diversity jurisdiction. Accordingly, the motion to remand is GRANTED.

New Orleans, Louisiana, this __9th__ day of April, 2008.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**